Peck, J.
delivered the opinion of the court.
This was an action of covenant brought in the county court of Blount county. The declaration sets out a good cause of action, due the 1st November, 1820.
In the county court, sixteen pleas were filed; some of these were demurred to, upon others issues were ta. ken to the country. Several attempts were made to try the issues, but the juries not agreeing, mistrials were entered; and finally the cause was transferred by consent to the circuit court, where amendments were allowed, and the case was finally made to turn upon the following pleas and replications. First: “And for a further plea in this behalf, the said defendant Keller saith, the said plaintiff his action ought not to have or maintain, &c. because at the time of the qualification of the said defendants, as administrators, &c. of the *433 said Jacob Keller, dec’d. (their intestate,) they were citizens of, and residents in the state of Tennessee, and so continued for more than two years thereafter; and that during said period of two years, he, the said plaintiff, did not exhibit, sue or demand of the said defendants, the performance of the said covenant, but failed to demand and bring suit within said two years, &c. which they are ready to verify, &c.”
Replication: “That the plaintiff ought not to be bared, &c. because he says demand was made of said defendants to perform said covenant within two years after the qualification of the said Philip and Mary, administrator and administratrix, &c. and that at the special instance and request of the aforesaid Philip and Mary, he forebore bringing suit for the recovery of the same; and this he prays may be inquired of by the country, áse.”
To this replication, there is a demurrer.
Secondly. “And for further plea in this behalf, the defendants say, &c. that the plaintiff did not present his said claim or demand against them, within seven years next after the death of the said Jacob Keller, deceased, (their intestate,) nor did plaintiff claim or demand of them the performance of the covenant, within said period of seven years; and this they are ready to verify, áte.”
Replication: “That demand was made within seven years, áte.” concluding to the country.
This replication was also demurred to. The court gave judgment for the' defendant, from which judgment this writ of error is prosecuted; and the question is, whether the matter contained in these replications, in avoidance of the bars pleaded, is sufficient, &c.
As to the second plea of seven years, the record shows that the suit was commenced within seven years after the covenant fell due; but the plaintiff, in his replication, has not put his case on that ground. The re *434 plication is, that he did demand within seven years, &c. The replication is an answer to the plea: the substantive matter relied on, to wit, the demand within seven years, is replied to, without any new matter being introduced, and therefore the tender of issue to the country was proper.
But in considering the plea of two years, and the replication thereto, there is more difficulty. This replication introduces new matter, to wit, the agreement to forbear to bring suit, &c. This being matter to avoid the bar, and introduced for the first time in the record, and being such matter as might be met and traversed in a rejoinder, the conclusion ought not to have been to the country, because it prevents the defendants from traversing the new matter alleged in the replication.
The act of 1789, ch. 23, sec. 4, limiting suits against executors and administrators to two years, has this saving: “that if any creditor, after making demand of his debt or claim shall delay to bring suit at the special request of the executor or administrator, that then, and in that case, the said debt or demand shall not be barred during the time of the indulgence.”
This replication, though informal, is substantially good, unless the conclusion to the country renders it bad. This, we are of opinion, would be clearly the case, if it had been set down for special cause of demurrer; but that has not been done in this instance, and it is clear the defect cannot be noticed by the court, or taken advantage of by the opposite party, unless particularly pointed out by the demurrer. 1 Chitty’s Pleading.
The judgment must therefore be reversed, and judgment be entered up for the plaintiff upon the demurrers, and the cause remanded with directions to the *435 court to have a writ of inquiry executed to ascertain the plaintiff’s damages, &c.
R. Anderson, for the plaintiff in error.
Meigs, for the defendants.
Judgment reversed.